COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Elder and Bray
Argued by Teleconference

DAVID WAYNE BOWMAN

                                    MEMORANDUM OPINION* BY
v.    Record No. 2827-95-3      CHIEF JUDGE NORMAN K. MOON
                                        APRIL 15, 1997
COMMONWEALTH OF VIRGINIA

                FROM THE CIRCUIT COURT OF HENRY COUNTY
                      David V. Williams, Judge

            Rickey G. Young (Law Office of Rickey G.
            Young, on brief), for appellant.

            Michael T. Judge, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


     David W. Bowman appeals from his conviction for statutory

burglary and grand larceny.  Bowman raises two questions: (1)

whether the evidence was sufficient to prove statutory burglary

and grand larceny; and (2) whether the circuit court erred in

failing to suppress evidence discovered at Bowman's residence.

We hold that the evidence was sufficient and that the trial court

properly admitted the evidence because it was discovered pursuant

to a search warrant which was based on probable cause.

     On April 27, 1994, Bowman went to the home of Chancey Ashley

in order to look at Ashley's home which was for sale.  After

touring the inside of Ashley's home, Bowman asked to be allowed

to look inside Ashley's storage building.  Ashley accompanied

---

*Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Bowman to the storage building which contained a variety of tools, a riding lawn mower, and some chain saws. On April 28, 1994, Ashley left for work at 5:00 a.m. and returned home at approximately 6:00 p.m. and discovered his home had been burglarized. Tools and equipment, valued at $1,500, including a wrench with "C. Ashley" engraved on it, were missing.

Five months later, on October 5, 1994, Investigator D. J. Runge of the Patrick County Sheriff's Department received a telephone call from Franklin County Investigator Shively who informed him that he had reason to believe Bowman might possess stolen property, and that Franklin County officers would attempt to obtain a search warrant. Shively informed Runge that some of the property that Bowman possessed might be property that was stolen from Shively's home in a recent break-in. Shively requested Runge proceed to Bowman's home in order to make certain that no property was removed from Bowman's residence.

Runge arrived at Bowman's home at approximately 7:30 a.m. and knocked on Bowman's door. Bowman answered, and Runge informed him "that Franklin County investigators were in route and were going to attempt to obtain a search warrant for his residence." Runge then inquired if Bowman would consent to a search of his home. Bowman said that he "was unsure whether he would" permit a search of his residence.

At approximately 7:45 a.m., Officer Cox arrived at Bowman's home. At approximately 8:00 a.m., Runge ran a check on Bowman and was informed that there were outstanding warrants for

Bowman's arrest in Henry County. Runge placed Bowman under arrest and advised him of his rights. Bowman then volunteered that there were firearms in his home and that he had handled the weapons. Runge was aware that Bowman was a convicted felon and Runge felt, based on Bowman's statements regarding the presence of firearms in the residence and Bowman's possession of them, that he had probable cause to obtain a search warrant.

Subsequently, Shively arrived and Runge relayed the information regarding the weapons to Sheriff Gregory who was still in the process of obtaining a search warrant for Bowman's residence. The information regarding the firearms was included in the affidavit supporting the search warrant. After observing Bowman, Shively informed Runge that Bowman was wearing Shively's class ring. Runge also relayed this information to Sheriff Gregory, and this information was also included in the affidavit supporting the search warrant. Also attached to the affidavit was a list of the items stolen from Shively's home, which included a 1976 Franklin County High School ring and a number of firearms.

At 11:00 a.m., a search warrant was issued, and Bowman's residence was searched. A wrench bearing the engraving "C. Ashley" was among the items seized from Bowman's home. At trial, Bowman moved to suppress the evidence found in his residence, specifically the wrench bearing the engraving "C. Ashley," as the product of an unlawful search and seizure.

<u>Motion to Suppress</u>

> The standard which we apply in reviewing a magistrate's probable cause determination is whether, considering the totality of the circumstances, the magistrate had a substantial basis for concluding that probable cause existed. We are further mindful that a magistrate may draw reasonable inferences from the material supplied to him and that his determination of probable cause "'should be paid great deference by reviewing courts.'" "A deferential standard of review is appropriate to further the Fourth Amendment's strong preference for searches conducted pursuant to a warrant."

Williams v. Commonwealth, 4 Va. App. 53, 68, 354 S.E.2d 79, 87 (1987) (citations omitted).

Here, the affidavit supporting the warrant for the search of Bowman's residence provided that (1) Runge reported he was searching for stolen property including stolen guns and that Bowman had indicated that he had guns on the premises of his home; (2) Bowman was wanted in Henry County on two outstanding arrest warrants; and (3) that Shively positively identified a ring on Bowman's finger that had been stolen from Shively's residence.

This evidence, considered in its totality, provided the magistrate with sufficient information to reach the reasonable conclusion that there was "a fair probability that contraband or evidence of a crime w[ould] be found in" Bowman's residence. Illinois v. Gates, 462 U.S. 213, 238 (1983). Such a finding constitutes probable cause upon which a warrant may properly issue. Id.

### Motion to Strike

Bowman argues that the evidence was insufficient to sustain his conviction because the Commonwealth failed to prove recent possession of recently stolen property and because Ashley's identification of Bowman was "faulty."

On appeal, the evidence is to be viewed in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). The trial court's verdict will not be disturbed on appeal unless it is plainly wrong or without evidence to support it. Stockton v. Commonwealth, 227 Va. 124, 145, 314 S.E.2d 371, 385, cert. denied, 469 U.S. 873 (1984).

Bowman's arguments raise questions of credibility. Efforts to challenge the credibility of the Commonwealth's witnesses must be made before the trier of fact. It is for the trial court to make determinations of credibility. Myers v. Commonwealth, 11 Va. App. 634, 400 S.E.2d 803 (1991). Here, the trial court rejected Bowman's explanation that he had acquired Mr. Ashley's wrench by purchasing it from his father or at a flea market. The trial court found Bowman's explanation of his possession of the stolen property unbelievable. The truth of an explanation regarding possession of stolen property is a question of fact and the trial court is under no burden to accept any explanation that may be offered. Roberts v. Commonwealth, 230 Va. 264, 272, 337 S.E.2d 255, 260 (1985). Similarly, the trial court's decision to accept Mr. Ashley's identification of Bowman was a determination

of the witness' credibility, a determination that is reserved to the trier of fact and that is not to be disturbed on appeal unless plainly wrong.  Here, the evidence was sufficient to support the trial court's findings and accordingly, those findings must be affirmed.

Bowman's argument that his possession of stolen property was not recent was not argued at trial and may not be raised for the first time on appeal.  Rule 5A:18; George v. Commonwealth, 242 Va. 264, 281 n.4, 411 S.E.2d 12, 22 n.4 (1991).  Furthermore, neither the ends of justice nor good cause exist to warrant consideration of this issue on appeal.  Moreover, the possession of the tool was not the only evidence of guilt.  Bowman's presence on the premises on the evening before the burglary, his possession of the stolen tool, and his false explanation for that possession were sufficient pieces of circumstantial evidence to sustain the fact finder's belief that Bowman was guilty and to exclude any reasonable theory of innocence.

Accordingly, the trial court's decision is affirmed.

Affirmed.